UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JOSHUA TEDDER, <br><br> Plaintiff, <br><br> v. <br><br> LAFAYETTE POLICE DEPARTMENT, TIPPECANOE PROSECUTING ATTORNEY, TIPPECANOE COUNTY SHERIFF, DEPARTMENT OF TOBACCO AND FIREARMS, and PURDUE UNIVERSITY, <br><br> Defendants. | CAUSE NO. 4:21-CV-51-TLS-JPK |

**OPINION AND ORDER**

Joshua Tedder is a prisoner at the Tippecanoe County Jail. Without a lawyer, he sent the clerk a paper asserting his rights have been violated by the Lafayette Police Department, Tippecanoe Prosecuting Attorney, Tippecanoe County Sheriff, Department of Tobacco and Firearms, and Purdue University. Compl., ECF No. 1. Though not properly captioned, the paper discusses "this civil matter" and a "federal lawsuit." *Id.* The clerk properly accepted this as a civil complaint because a filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and internal citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are
> clearly baseless, a category encompassing allegations that are fanciful, fantastic,

> and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quotation marks and internal citations omitted). Thus, a case can be dismissed without a response from the defendants where "the facts alleged in the complaint are . . . unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002).

Such is the case here. Tedder alleges that he was being treated for mental illness before he was arrested for hitting his little brother and breaking a phone. He alleges that he is a confidential informant for the DTF (Department of Tobacco and Firearms) and, therefore, the Bill of Rights prohibits him from being arrested without notice being provided to a Lafayette Police Officer named Sergeant Sinks. He alleges that he is a Messianic Jew who is being denied freedom of speech, religious diet, education, medical treatment, and hygiene at the Tippecanoe County Jail where he has been repeatedly physically abused and sexually assaulted. He alleges that he and other mentally ill inmates are being tortured with hypnotism, extreme medications, electromagnetic pulses, and AM radio microwave frequencies. He alleges that satellites built to spy on child molesters, rapists, and violent criminals are being used to spy on him and steal his creativity. He alleges that almost anyone can be controlled with "regressive/progressive hypnotism thru Electro Static Pulse of Ampuls in Neuron's impulse." Compl. 2. He alleges that Purdue University, the Lafayette Police Department, and the DTF control Homeland Security.

He alleges that he has been found incompetent to stand trial. He alleges that, based on studies he has done while locked in his cell at the Tippecanoe County Jail, a nuclear holocaust occurred in Germany as a result of atomic electromagnetic pulses of extrasensory perception

going through cell phone towers and bouncing off satellites to create an unsafe amount of atomic pulse that caused nuclear reactors and warheads to explode. He alleges that this nuclear holocaust caused tectonic plates to split, which required the planet to be fixed by Yale and Harvard. He represents that he wants to warn professors at Purdue University that high levels of AM Hertz can become nuclear and explode through radio and microwaves. He alleges that the Tippecanoe County Sheriff is money laundering inmate funds with another State.

Though not all of these allegations are factually impossible, collectively they "are fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 33–34 (internal citations omitted). Therefore, this case will be dismissed as frivolous. Based on the contents of Tedder's complaint, it is important for the medical providers at the Tippecanoe County Jail to see his complaint so they can provide him with whatever counseling and mental health treatment may be appropriate.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart Stores Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013), that is unnecessary where the amendment would be futile, *Holland v. City of Gary*, 503 F. App'x 476, 477–78 (7th Cir. 2013) (holding that the district court did not abuse its discretion in concluding that amending a complaint with fantastic and delusional allegations would be futile).

Based on the foregoing, this case is DISMISSED pursuant to 28 U.S.C. § 1915A. The clerk is DIRECTED to send a copy of this Order and the Complaint [ECF No. 1] to the Tippecanoe County Sheriff so it can be provided to the jail's medical providers.

SO ORDERED on September 10, 2021.

                                                      s/ Theresa L. Springmann
                                                    JUDGE THERESA L. SPRINGMANN
                                                    UNITED STATES DISTRICT COURT